# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD L. MASSEY, | ) | |
| | ) | |
| Movant, | ) | Case No. 10-03212-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is the Movant's fully-briefed pro se Motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Docs. 1, 8, 10. For the reasons discussed herein, the Motion is DENIED. A certificate of appealability is also DENIED.

## Background

On November 19, 2008, the Movant was indicted with being a felon in possession of a firearm and possession of methamphetamine with intent to distribute in violation of 18 U.S.C. 922(g)(1), 924(a)(2) and 21 U.S.C. § 841(a)(1) and (b)(1)(C), respectively. CM/ECF 08-03132-CR-S-DGK (W.D. Mo.), Doc. 1.[1] He eventually pled guilty to both counts of the indictment before United States Magistrate Judge James England, and this Court accepted his plea and adjudicated him guilty of both crimes. Crim. Docs. 23-27. On June 1, 2009, the Court sentenced the Movant to 120 months on Count One and 151 months on Count Two, to be served concurrently. The Movant filed no direct appeal. On May 27, 2010, he filed the pending Motion to vacate, correct or set aside his sentence. Doc. 1.

The Movant raises two grounds for relief. First, he argues that he received ineffective assistance of counsel because his attorney failed to object to a four-point offense level

---

[1] The underlying criminal case will hereinafter be cited as "Crim. Doc. ___."

enhancement for possessing a firearm in connection with another felony offense. The Movant claims that this was error because he was first arrested for the firearms charge alone, and then a month later for the drug possession charge. He claims that the presentence investigation report wrongly linked these two crimes and that his attorney was aware of the error but did not object. Second, he asserts that his sentence constitutes cruel and unusual punishment.

## Standard

Section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose…or…was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court must order an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b).

The Sixth Amendment right to counsel entitles a criminal defendant to effective assistance of counsel. Counsel is constitutionally ineffective only if there was deficient performance that prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Counsel is deficient if "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Prejudice occurs when "defendant [can] show that there is a reasonable probability [meaning a probability sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When considering a sentence for a term of years, the Eighth Amendment's proscription against "cruel and unusual punishment" requires a determination of whether the sentence is "grossly disproportionate for a particular defendant's crime." *Graham v. Florida,* 130 S. Ct. 2011, 2022 (2010) (citing *Harmelin v. Michigan,* 501 U.S. 957, 1005 (1991)). The Supreme Court has looked very

2

skeptically at such claims, particularly for definite sentences as opposed to life without parole. *See Graham,* 130 S. Ct. at 2047 (Thomas, J., dissenting) (noting that the Court has rejected all three such claims in the preceding 28 years). *See also Ewing v. California,* 538 U.S. 11 (2003) (25 years to life for grand theft under "three strikes law"), *Lockyer v. Andrade,* 538 U.S. 63 (2003) (25 years to life for petty theft under "three strikes law"), *Harmelin,* 501 U.S. 957 (life without parole for cocaine possession).

## Discussion

### A. The Movant Was Not Prejudiced By The Lack Of An Objection To The Four-Point Enhancement Under USSG 2K2.1(b)(6)

To succeed on his first claim, the Movant must show that his counsel was not functioning as constitutionally effective counsel due to her failure to object to the 2K2.1(b)(6) enhancement and that he was prejudiced by this failure. The Presentence Investigation Report ("PSI") called for this enhancement for possessing a firearm in connection with another felony offense on the basis that "the defendant was convicted in Count Two of possession of methamphetamine with intent to distribute." Crim. Doc. 28 at ¶ 33. The PSI, and indeed the Indictment itself, confirm the Movant's account that these crimes took place a month apart. *Id.* at ¶¶ 2-3, Crim. Doc. 1. Furthermore, the Movant is correct that his attorney did not object to this enhancement, nor was any mention of this issue made at the sentencing hearing. Crim. Doc. 35. This enhancement is appropriate when "at a minimum, the firearm had a purpose or effect with respect to the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." *United States v. Guiheen,* 594 F.3d 589 (2010) (internal quotations omitted). While the Movant was found with various drugs and drug paraphernalia during the search that led to the firearms charge, the PSI cites his conviction stemming from his arrest a month later as the basis for this enhancement. It is not clear from the

record what specific evidence suggests that the Movant possessed a firearm in connection with his March 7, 2008 possession of methamphetamine with intent to distribute. There is no indication in the record that the Movant possessed a firearm on March 7. This enhancement requires more than a conviction for another felony offense, or else it would simply call for an automatic enhancement for anyone convicted of another felony contemporaneously with a firearm charge. In short, it is not entirely clear what connects the Movant's February gun possession with his March methamphetamine possession with intent. Regardless, for the reasons discussed below, the Defendant was not prejudiced and therefore did not received ineffective assistance of counsel.

For the purposes of prejudice analysis, the Court will assume that failing to object to the 2K2.1(b)(6) enhancement was deficient performance. Otherwise, the Court expresses no view on this issue. The Movant was categorized as a career offender under Chapter 4 of the Sentencing Guidelines because he was over 18 at the time of the instant offense and had two prior felony drug convictions. Crim. Doc. 28 at ¶ 49, USSG § 4B1.1(a). Accordingly, the offense level was calculated by the career offender table. *Id.* Since the methamphetamine charge carried a maximum sentence of 20 years, the Movant's offense level was 32.[2] This offense level superseded the normal calculation of the offense level. Prior to the enhancement, the Movant's offense level was 24. Had he objected to this enhancement and the Court sustained his objection, the offense level of 24 *still* would have been superseded by the career offender guidelines, resulting in an offense level of 32. This was because of *his* criminal history—not anyone else's errors. The Movant did not object to his classification as a career offender at the time and does not raise it as an issue now. The Court sentenced the Movant at the bottom of the guideline range, and there is nothing in the sentencing transcript to suggest that a successful

---

[2] This was then adjusted three levels down for acceptance of responsibility.

objection to this enhancement at issue would have changed the Movant's sentence. In short, the objection which the Movant now asserts was constitutionally required would have been rendered meaningless by the application of the career offender offense levels. There is nothing in the record to undermine confidence in the result of the proceeding—in this case, the sentence imposed. The Movant was not prejudiced and therefore did not received ineffective assistance of counsel.[3]

### B. The Movant's Sentence Is Neither Grossly Disproportionate Nor Cruel And Unusual

The notion that the Movant has been subjected to a sentence that has constitutional dimension strains credulity. He pled guilty to being a felon in possession of a firearm and possession of methamphetamine with intent to distribute. The Court correctly recognized that these are serious offenses at sentencing when considering the "seriousness of the offense" factor. Crim. Doc. 35 at 12. Given his guilty plea to the firearms crime and his two prior felony drug convictions, the Court notes that the Movant was only one crime violent felony or serious drug crime away from a mandatory minimum of 15 years under the Armed Career Criminal Act. 18 U.S.C. § 924(e). As it stands, he was sentenced to just over 12.5 years—the low end of the guideline range. The Eighth Circuit has repeatedly recognized the seriousness of drug possession with intent to distribute coupled with significant criminal records. *See, e.g., United States v. James,* 564 F.3d 960, 964 (2009) (rejecting an Eighth Amendment challenge to a 262-month sentence for cocaine distribution). There is no inference of a grossly disproportionate sentence that requires the Court to consider this claim any further.

---

[3] The Court wishes to emphasize that it has not found that the Movant received constitutionally deficient performance, nor that this enhancement was improper. The most likely reason the Movant's counsel did not file an objection is because she recognized that her client was a career offender and that this objection would have no bearing on the guidelines even if the Court sustained it.

**Conclusion**

The Movant did not receive ineffective assistance of counsel.  He was not prejudiced by the lack of an objection to the 2K2.1(b)(6) enhancement.  His offense level was determined by the career offender table and would have been even if this objection had been made and sustained.  The Movant's sentence is not cruel and unusual punishment.  Accordingly, because the record conclusively establishes that the Movant is not entitled to relief, his Motion is DENIED.  A certificate of appealability is also DENIED.

**IT IS SO ORDERED**

Dated: April 6, 2011                                          /s/ Greg Kays
                                                                                GREG KAYS,
                                                                                UNITED STATES DISTRICT JUDGE